**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| MICHAEL ROP, *et al.*,<br><br><br>Plaintiffs,<br><br>*v.*<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, *et al.*,<br><br>Defendants. | No. 1:17-cv-00497 |

**REPLY IN SUPPORT OF TREASURY'S MOTION FOR JUDGMENT ON THE
PLEADINGS**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

      A.      This Court Can Resolve the Issue on Remand Without Discovery........................2

      B.      The First Amended Complaint Does Not Allege that the Unconstitutional
                  Removal Restriction Actually Affected Any Actions Former Director Watt
                  Took to Implement the Third Amendment.............................................................4

      C.      This Court's Determination Should Not Be Based on Allegations in
                  Plaintiffs' Pending Second Motion for Leave to Amend the Operative
                  Complaint. ............................................................................................................5

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Bhatti v. FHFA*,
   97 F.4th 556 (8th Cir. 2024) ...............................................................................3, 4

*Bhatti v. FHFA*,
   646 F. Supp. 3d 1003 (D. Minn. 2022),
   *aff'd*, 97 F.4th 556 (8th Cir. 2024) .....................................................................3, 5

*City of Pharma v. Cingular Wireless, LLC*,
   278 F. App'x 636 (6th Cir. 2008)............................................................................3

*Collins v. Dep't of the Treasury*,
   83 F.4th 970 (5th Cir. 2023) ..................................................................................3

*Collins v. Lew*,
   642 F. Supp. 3d 577 (S.D. Tex. 2022),
   *aff'd sub nom. Collins v. Dep't of Treasury*, 83 F.4th 970 (5th Cir. 2023) .........................3, 10

*Collins v. Yellen*,
   594 U.S. 220 (2021) .....................................................................................1, 2, 5

*Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*,
   508 F.3d 327 (6th Cir. 2007)...................................................................................1

*Daunt v. Benson*,
   999 F.3d 299 (6th Cir. 2021)....................................................................................3

*Heffernan v. City of Chicago*,
   286 F.R.D. 332 (N.D. Ill. 2012) ...............................................................................5

*Rop v. FHFA*,
   50 F.4th 562 (6th Cir. 2022),
   *cert. denied*, 143 S. Ct. 2608 (2023)....................................................................1, 3

*Wazee St. Opportunities Fund v. FHFA*,
Case No. 2:18-cv-03478-NIQA, (E.D. Pa.)................................................................3, 5

<u>**Rules**</u>

Fed. R. Civ. P. 12(c)..................................................................................................1, 2

**INTRODUCTION**

The sole question on remand—as informed by *Collins v. Yellen*—is whether Plaintiff shareholders of Fannie Mae/Freddie Mac were harmed "by a confirmed [Federal Housing Finance Agency (FHFA)] Director's implementation of the third amendment."   594 U.S. 220, 247 (2021) ("Only harm caused by a confirmed Director's implementation of the third amendment could then provide a basis for relief."); *see also Rop v. FHFA*, 50 F.4th 562, 576 (6th Cir. 2022) (noting that "the district court did not have the benefit of *Collins* to guide its analysis" and accordingly "[f]ollowing *Collins*" remanding to the district court), *cert. denied*, 143 S. Ct. 2608 (2023). Clearly, the retrospective harm, the unconstitutional removal restriction, and former FHFA Director Watt's implementation of the Third Amendment, all must be pled and causally connected here for the First Amended Complaint to withstand Treasury's Motion for Judgment on the Pleadings.  *See id.* (remanding to this Court "for further consideration of whether the restriction actually affected any actions implementing the third amendment that allegedly harmed shareholders"); *see also* Fed. R. Civ. P. 12(c).  To survive a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting *all the material elements* under some viable legal theory."  *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (emphasis added).  Plaintiffs' First Amended Complaint does not.

As Treasury's Motion for Judgment on the Pleadings demonstrated, and Plaintiffs have failed to refute, the operative complaint is devoid of any allegations tying Plaintiffs' alleged harm to a confirmed FHFA Director's implementation of the Third Amendment.  That is unsurprising because Plaintiffs' unconstitutional restriction claim, to date, has been based on the unlawful *adoption* of the Third Amendment.  ECF No. 17, PageID.260 (Pls.' First Am. Compl. for Declaratory & Injunctive Relief) (requesting vacatur of the Third Amendment "because it was

1

adopted by FHFA when it was operating as an independent agency headed by a single person").

Thus, the allegations *Collins* suggests are required are nowhere in the First Amended Complaint.

*See Collins*, 594 U.S at 279 (Gorsuch, J. concurring) (suggesting that "if lower courts find that the

President would have removed or overruled the Director, *then* the for-cause removal provision

'clearly cause[d] harm' and the Director's actions may be set aside" (alterations in original)

(citation omitted)).  On that basis alone, Treasury is entitled to judgment on the pleadings.  All of

Plaintiffs' arguments to the contrary skirt that issue and, in any event, are without merit.[1]

> **A.**      **This Court Can Resolve the Issue on Remand Without Discovery.**

Plaintiffs erroneously contend that their unconstitutional restriction claim was remanded

for discovery and therefore Treasury is precluded from moving for judgment on the pleadings.  *See*

ECF No. 113 PageID.2539 (Pls.' Opp'n to Defs.' Mots. for J. on Pleadings) ("the Sixth Circuit

has already held that Plaintiffs' complaint seeks retrospective relief that is tethered to the

unconstitutional removal restriction, as required by *Collins*"); *id.* at PageID.2536 (contending that

"this Court's determination should be based on the facts that are borne out through the discovery

process"); *id.* (falsely accusing Defendants of "rush[ing] to avoid the process that would help

finally resolve this factual dispute").  Nothing in the Sixth Circuit's decision or mandate requires

this Court's determination to follow discovery.  It is well established that "[a]fter the pleadings are

closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Treasury did

not answer the operative complaint until after the remand to this Court, *see* ECF No. 95-1,

PageID.2120 (Treasury's Ans. to Pls.' First Am. Compl. for Declaratory & Injunctive Relief), and

---

[1] Part I.B. of Plaintiffs' Opposition addresses the Section 4617(f) argument that Treasury incorporated by reference into its motion.  *See* ECF No. 102, PageID.2257 (Br. in Supp. of Treasury's Mot. for J. on Pleadings).  Treasury incorporates herein FHFA's response to that argument, *see* ECF No. 114, PageID.2570-2574 (FHFA's Reply Br. in Supp. of Its Mot. for J. on Pleadings), as well as FHFA's response to Plaintiffs' specious claim that the Law of the Case doctrine is applicable, *id.* at PageID.2574-2575.

therefore Treasury's motion is procedurally proper following the Sixth Circuit's remand.  *See, e.g., Daunt v. Benson*, 999 F.3d 299 (6th Cir. 2021) (on remand, district court dismissed for failure to state a claim; Sixth Circuit affirmed); *City of Pharma v. Cingular Wireless, LLC*, 278 F. App'x 636 (6th Cir. 2008) (on remand, district court granted motion for judgment on the pleadings; Sixth Circuit affirmed).

Moreover, the Sixth Circuit indicated that it was "[f]ollowing . . . the Fifth and Eighth Circuits' examples" in remanding the removal restriction issue to this Court.  *Rop*, 50 F.4th at 576–77; *see also Bhatti v. FHFA*, 97 F.4th 556, 561 (8th Cir. 2024) ("As many circuits have ruled, the harm claimed by the shareholders . . . must be connected in some way, or share some nexus with, the president's inability to remove Watt."); *Collins v. Dep't of the Treasury*, 83 F.4th 970, 982 (5th Cir. 2023) (requiring showing that "but for the removal restriction, President Trump would have removed [Director Watt] *and* that the [FHFA] would have acted differently as to the challenged actions" (alterations in original) (internal quotations and citation omitted)).  Following the Fifth and Eighth Circuit's remands, the district courts dismissed the shareholder plaintiffs' actions without any discovery whatsoever.  *See Bhatti v. FHFA*, 646 F. Supp. 3d 1003, 1013 (D. Minn. 2022) (dismissing unconstitutional removal claim after noting that "even if plaintiffs had stated the type of claim contemplated in *Collins*, the nature of their claim is far too speculative to survive a motion to dismiss"), *aff'd*, 97 F.4th 556 (8th Cir. 2024); *Collins v. Lew*, 642 F. Supp. 3d 577, 584 (S.D. Tex. 2022) (dismissing unconstitutional removal restriction claim where plaintiffs had not "demonstrate[d] that the Administration had a concrete plan in place, that this plan necessarily involved liquidating Treasury's preferred stock, or that the Administration would have completed these actions within four years"), *aff'd sub nom. Collins v. Dep't of Treasury*, 83 F.4th 970 (5th Cir. 2023); *see also Wazee St. Opportunities Fund v. FHFA*, Case No. 2:18-cv-03478-NIQA, ECF

3

No. 68 (E.D. Pa. May 1, 2025) (granting Defendant Department of the Treasury and Defendant

Federal Housing Finance Agency's motions to dismiss).

So too here, consistent with the Sixth Circuit's mandate, the Court can resolve the question

on remand on Treasury's dispositive motion.

**B.      The First Amended Complaint Does Not Allege that the Unconstitutional Removal Restriction Actually Affected Any Actions Former Director Watt Took to Implement the Third Amendment.**

Plaintiffs hang their argument to the contrary almost entirely on a few temporal phrases in

their seventy-four-page complaint.  *See* ECF No. 113, PageID.2542.  Specifically, Plaintiffs

highlight phrases such as "continuing to the present day" and "suffering ongoing injuries" as

sufficient to create a causal connection between the unconstitutional removal restriction and the

Third Amendment's implementation by Former Director Watt—who gets only passing reference

in the First Amended Complaint.  *See* ECF No. 17, PageID.219, 239, 244, 245.  Moreover,

Plaintiffs entirely sidestep that nowhere in their pleading do they allege that any President desired

to remove Director Watt or was prevented from doing so by the unconstitutional removal

restriction.  *See* ECF 102, PageID.2258.  Instead, Plaintiffs point to a letter then-Former President

Trump issued following *Collins*—which is not mentioned, let alone incorporated by reference, in

the First Amended Complaint—in which he states what he would have done if he had controlled

FHFA at the start of his First Term.  *See* ECF No. 113, PageID.2543.  Because that letter is not

part of the record before the Court, it is not properly considered in ruling on Treasury's Motion for

Judgment on the Pleadings.[2]

---

[2] As Treasury demonstrated in its Opposition to Plaintiffs' Second Motion for Leave to Amend, the Supreme Court's hypothetical guidance on what could prove causation called for "a statement that the president '*would*' remove the director, not a post-hoc statement that he '*would have*' removed the director." *Bhatti*, 97 F.4th at 560 (emphases added); *see also* ECF No. 111, Page ID.2357 (Department of Treasury's Opp'n to Pls.' Mot. for Leave to File Am. Compl.).

**C.      This Court's Determination Should Not Be Based on Allegations in Plaintiffs' Pending Second Motion for Leave to Amend the Operative Complaint.**

For similar reasons, this Court should not consider factual allegations outside the pleadings. Tellingly, Plaintiffs devote most of the pages in their Opposition to explaining why the Court should grant their second motion for leave to amend the First Amended Complaint.  And yet they contend that "this amendment is not necessary to overcome Defendants' pending motions."  ECF No. 113, PageID.2548.  The ten pages expended on that topic suggest otherwise.  In any event, Treasury has already demonstrated why Plaintiffs should not get a second chance to plead a cognizable claim.  *See* ECF No. 102, PageID.2261-2262.  Plaintiffs made the strategic choice to move to amend, the first time, to expand the issues on remand notwithstanding the Sixth Circuit's limited remand.  *See* ECF No. 87, PageID.2011 (Op. & Order Den. Mot. for Leave to Amend Compl.) (concluding that Plaintiffs' "request exceeds the limited scope of [the] Sixth Circuit's remand").  Consequently, Plaintiffs are and should be stuck with their First Amended Complaint. *See Heffernan v. City of Chicago*, 286 F.R.D. 332, 336 (N.D. Ill. 2012) ("[t]o allow the [plaintiffs] to successfully prevail at this point would be to allow them to avoid the consequences of their own strategic decision[s]"). Moreover, no amount of discovery in this case would yield facts that would bring Plaintiffs' unconstitutional removal restriction claim out of the speculative or hypothetical realm—as other courts have determined following a similar remand.  *See Bhatti*, 646 F. Supp. 3d at 1013 (concluding that "the nature of the[] [plaintiff shareholders'] claim is far too speculative to survive a motion to dismiss"); *Wazee St. Opportunities*, ECF No. 64 at *11 (E.D. Pa. Apr. 14, 2025) (addressing virtually identical proposed amendments filed by same plaintiffs' counsel and finding that plaintiff's "motion to amend its complaint to include these allegations is futile because the proffered amendments cannot withstand a motion to dismiss"); *see also Collins*, 594 U.S. at

281 (Gorsuch, J., concurring in part) (asking "*how* are judges and lawyers supposed to construct the counterfactual history?").

## <u>CONCLUSION</u>

For the foregoing reasons and those explained in Treasury's opening brief, the Court should grant judgment on the pleadings to Treasury and dismiss this action with prejudice.

Dated: May 8, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

*/s/ Jacqueline Coleman Snead*
JACQUELINE COLEMAN SNEAD (DC Bar No. 459548)
Assistant Branch Director

R. CHARLIE MERRITT (VA Bar No. 89400)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 616-8098
robert.c.merritt@usdoj.gov

**Attorneys for U.S. Department of the Treasury**